UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARA et al., <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT LACY SALLEY, *also known as* SCOTT LACEY SMITH, *also known as* SCOTT J. SMITH, <br><br> Defendant. | CASE NO. 2:23-cv-00803-LK <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO PROCEED WITH PSEUDONYMS |

This matter comes before the Court on Plaintiffs' Motion to Proceed With Pseudonyms. Dkt. No. 2. Despite being served in July 2023, Dkt. No. 9 at 2, Defendant Scott Lacy Salley has not yet appeared in this action or otherwise responded to the motion. For the reasons discussed below, the motion is granted.

### I.    BACKGROUND

Plaintiffs "Cara," "Jenny," and "Lily" are victims depicted in child pornography videos and images. Dkt. No. 1 at 2. They initiated this action to recover liquidated damages pursuant to 18 U.S.C. § 2255(a) based on Defendant's receipt of child pornography involving them, in

ORDER GRANTING PLAINTIFFS' MOTION TO PROCEED WITH PSEUDONYMS - 1

violation of 18 U.S.C. § 2252(a)(2) and (b)(1). *Id.* at 1, 3–5; *see United States v. Salley*, 2:20-cr-00220-RSL, Dkt. No. 64 at 1 (W.D. Wash. Apr. 20, 2023). Plaintiffs, who are no longer minors, Dkt. No. 1 at 2, move to proceed in this case using pseudonyms, Dkt. No. 2 at 1.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 10 requires that every complaint include the name of all parties. Fed. R. Civ. P. 10(a). Thus, "[t]he normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). However, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity," including where "nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (cleaned up). Courts allow a party to proceed anonymously in three circumstances: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 1068 (cleaned up). The Ninth Circuit has instructed district courts to weigh several factors when determining the need for anonymity to shield the anonymous party from retaliation, including: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation; (4) the prejudice at each stage of the proceedings to the opposing party and whether proceedings may be structured so as to mitigate that prejudice; and (5) whether the public's interest in the case would be best served by requiring that the litigants reveal their identities. *Id.*

Notably, courts within this circuit generally hold that plaintiffs may proceed under pseudonym "when asserting a claim based on sexual abuse or assault, especially where the plaintiff was a minor when the assault allegedly occurred." *N.S. by & through Marble v. Rockett*, No. 3:16-CV-2171-AC, 2017 WL 1365223, at *2 (D. Or. Apr. 10, 2017); *see also, e.g.*, *Doe #5 v. Cal.*, No. 1:23-CV-01226-JLT-SAB, 2023 WL 5806772, at *2 (E.D. Cal. Sept. 7, 2023); *Doe v. Pasadena Hosp. Ass'n, Ltd.*, No. 2:18-CV-09648-DDP (SKx), 2018 WL 6831533, at *2 (C.D. Cal. Dec. 26, 2018); *J.I. v. United States*, No. 1:18-CV-00363-LJO-SAB, 2018 WL 1474355, at *2 (E.D. Cal. Mar. 26, 2018); *Aurora v. Sheely*, No. 16-CV-1358-RSM, 2017 WL 615383, at *1 n.1 (W.D. Wash. Feb. 15, 2017).

**B.    Plaintiffs May Proceed Under Pseudonyms**

In this case, Plaintiffs ask to proceed pseudonymously because they are each the subjects of child pornography videos and images produced when they were minors, and their images are still being actively traded on the internet. Dkt. No. 2 at 2–3. They state that they have "suffered greatly due to being the subjects of these widely circulated images and videos" and "suffer psychologically in a number of different manners; each [Plaintiff] is hyper-vigilant, suffers a rational paranoia, fear and anxiety, and has had varying bouts of severe depression and anger[.]" *Id.* at 3. In support of their motion, Plaintiffs' counsel have submitted declarations attesting to these psychological injuries. *See* Dkt. No. 2-1 at 5 (declaration of Carol L. Hepburn, counsel for "Cara" and "Lily"); Dkt. No. 2-3 at 2 (declaration of Margaret Mabie, counsel for "Jenny"). Further, Plaintiffs assert that "[t]hese harms, which are severe and can be lifelong, would be compounded should Plaintiffs' identities be revealed to the world" as part of this litigation. Dkt. No. 2 at 6.

In addition, in 2010, Lily was a named victim in a criminal case in the United States District Court for the District of Nevada wherein the defendant pleaded guilty to stalking her and

transporting the images of her sexual abuse as a child. Dkt. No. 2-1 at 3; Dkt. No. 2-2 (judgment in District of Nevada case). Counsel for Lily also avers that she has searched Lily's legal name online and found "crass and disgusting" postings, and has learned from a Canadian victim advocacy organization that Cara and Lily are still the subject of online discussion based on their depiction in child pornography series. Dkt. No. 2-1 at 3–5. And while each Plaintiff has her own story, counsel for Lily maintains that Lily's experiences are representative of those of the other Plaintiffs. *Id.* at 2. Accordingly, Plaintiffs request permission to use pseudonyms in order to protect themselves from harassment, injury, ridicule, and personal embarrassment. *Id.*; *see also* Dkt. No. 2-3 at 2.

In light of the above, the Court finds that this case constitutes a circumstance in which identification creates a risk of retaliatory physical or mental harm, and that pseudonymity would preserve privacy in a matter of sensitive and highly personal nature. *See Advanced Textile Corp.*, 214 F.3d at 1068; *see also Doe as next friend for Jessy v. Dinkfield*, No. 2:19-CV-01554-ODW (SSx), 2019 WL 4233579, at *1–2 (C.D. Cal. June 5, 2019). Furthermore, the severity of the threatened harm of identification, the reasonableness of Plaintiffs' fears, and Plaintiffs' vulnerabilities are each well-supported based on their ongoing experiences as victims of child pornography offenses. *See* Dkt. No. 2 at 6–7; Dkt. No. 2-1 at 2–5; Dkt. No. 2-3 at 3. With respect to the potential prejudice to Defendant if Plaintiffs are allowed to proceed pseudonymously, the Court finds that at this stage in the litigation, the risk of harm to Plaintiffs outweighs any such prejudice. As Plaintiffs explain, "[u]nlike a defendant in a purely civil suit, the defendant in this case is not prejudiced by not knowing the Plaintiffs' true identities since the underlying facts were already judicially determined and are indisputable." Dkt. No. 2 at 7. However, the Court will permit Defendant to move for reconsideration of this Order within 21 days of appearing in this action. *See, e.g.*, *Doe #5*, 2023 WL 5806772, at *2; *Roe v. Rodriguez*, No. 1:22-cv-01574-SAB,

2022 WL 17722925, at *2 (E.D. Cal. Dec. 15, 2022). And last, while the public has some interest in Plaintiffs' true identities, "there is also a strong public interest in encouraging victims of sexual assault to come forward and bring claims against their assailants," and "[t]he use of a fictitious name is in the public interest where it enables a plaintiff to bring a claim that would otherwise be deterred." *J.I.*, 2018 WL 1474355, at *2. Thus, any interest that the public may have in knowing Plaintiffs' actual identities is outweighed by their need for anonymity. *See, e.g.*, *Roe as next friend for Pia v. Richardson*, No. 2:23-CV01199-JCM-NJK, 2023 WL 5628428, at *1 (D. Nev. Aug. 30, 2023); *Jessy*, 2019 WL 4233579, at *2.

### III.  CONCLUSION

For the reasons set forth above, Plaintiffs' motion to proceed with pseudonyms is GRANTED. Dkt. No. 2. Defendant may object or otherwise move for reconsideration of this Order within 21 days of appearing in this action.

Dated this 6th day of November, 2023.

*Lauren King*
Lauren King
United States District Judge