UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARA et al., <br><br> Plaintiffs, <br> v. <br><br> SCOTT LACY SALLEY, *also known as* SCOTT LACEY SMITH, *also known as* SCOTT J. SMITH, <br><br> Defendant. | CASE NO. 2:23-cv-00803-LK <br><br> ORDER REQUESTING SUPPLEMENTAL BRIEFING |

This matter comes before the Court on Plaintiffs' Motion for Prejudgment Writ of Attachment. Dkt. No. 3. For the reasons discussed below, the Court defers ruling on the motion and requests supplemental briefing.

**I.   BACKGROUND**

Plaintiffs "Cara," "Jenny," and "Lily" are victims depicted in child pornography series. Dkt. No. 1 at 2. They initiated this action to recover liquidated damages pursuant to 18 U.S.C. § 2255(a) based on Defendant's receipt of child pornography involving them, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). *Id.* at 1, 3–5; *see United States v. Salley*, 2:20-cr-00220-RSL, Dkt.

No. 64 at 1 (W.D. Wash. Apr. 20, 2023). Plaintiffs filed the instant motion seeking a prejudgment writ of attachment "of all real property owned by Defendant[.]" Dkt. No. 3 at 1. Specifically, Plaintiffs request "an order to the United States Marshal to post each of the properties with notice of the attachment" and "an appropriate bond amount, considering the facts of this case, of $5,000 to secure the requested writ." *Id.* at 2.[1]

More recently, Plaintiffs successfully moved for entry of default pursuant to Federal Rule of Civil Procedure 55(a). *See* Dkt. Nos. 12–14, 17.[2] Plaintiffs later plan to move "for entry of a Default Judgment and for an award of Attorney's Fees and Costs[.]" Dkt. No. 13 at 2.

## II.  DISCUSSION

### A.  Legal Standards

#### 1.  18 U.S.C § 2255(a)

Section 2255(a) provides that:

> Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The court may also award punitive damages and such other preliminary and equitable relief as the court determines to be appropriate.

18 U.S.C. § 2255(a). "The point of this provision is to allow such victims to recover without having to endure damages hearings." *Jesness v. Bridges*, No. C18-1225-RSM, 2021 WL 2895129, at *1 (W.D. Wash. July 9, 2021) (citing *Doe v. Boland*, 698 F.3d 877 (6th Cir. 2012)); *see also Lily v. Fuechtener*, No. 2:19-CV-00352-RFB-EJY, 2020 WL 10695385, at *2 (D. Nev. Feb. 3, 2020)

---

[1] Elsewhere in their motion, "Plaintiffs submit that a bond in the amount of $3,000 . . . should suffice." *Id.* at 9; *see also* Dkt. No. 3-7 at 2.

[2] The Court notes that Docket Numbers 12 and 13 appear to be duplicates.

ORDER REQUESTING SUPPLEMENTAL BRIEFING - 2

("Section 2255(a) . . . makes clear the intent of the federal government to ensure victims of certain crimes, such as Plaintiffs, receive compensation for personal injuries for which they may sue in the United States District Court.").

    2. <u>Federal Rule of Civil Procedure 64 and Chapter 6.25 of the Revised Code of Washington</u>

Federal Rule of Civil Procedure 64 states in pertinent part that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). Under Washington law, upon commencing an action or at any time before judgment, a plaintiff may have the property of a defendant attached "as security for the satisfaction of such judgment as the plaintiff may recover." Wash. Rev. Code § 6.25.020. The law also enumerates several grounds upon which a writ of prejudgment attachment may issue. *Id.* § 6.25.030. As relevant here, a writ may be issued if "the damages for which the action is brought are for injuries arising from the commission of some felony, gross misdemeanor, or misdemeanor." *Id.* § 6.25.030(9). To obtain a writ in this context, the plaintiff or someone on plaintiff's behalf must submit an affidavit attesting that:

> the attachment is not sought and the action is not prosecuted to hinder, delay, or defraud any creditor of the defendant and also alleging that affiant has reason to believe and does believe the following, together with specific facts on which affiant's belief in the allegations is based: (a) That the defendant is indebted to the plaintiff (specifying the nature of the claim and the amount of such indebtedness over and above all just credits and offsets), and (b) that one or more of the grounds stated in RCW 6.25.030 for issuance of a writ of attachment exists.

*Id.* § 6.25.060(1).

Before issuing a writ of attachment, the defendant must generally be notified and have an opportunity for a hearing "at which the plaintiff shall establish the probable validity of the claim sued on and that there is probable cause to believe that the alleged ground for attachment exists."

ORDER REQUESTING SUPPLEMENTAL BRIEFING - 3

*Id.* § 6.25.070(1). However, if "[t]he court finds, on the basis of specific facts alleged in the affidavit, after an ex parte hearing, that there is probable cause to believe the allegations of plaintiff's affidavit," and the "attachment is to be levied only on real property," the court shall issue the writ without prior notice to defendant or an opportunity for a prior hearing. *Id.* § 6.25.070(2)(a)–(b). If a writ is issued without prior notice to defendant, after seizure of property subject to the writ takes place, the defendant shall be "entitled to prompt notice of the seizure and of a right to an early hearing, if requested, at which the plaintiff shall establish the probable validity of the claim sued on and that there is probable cause to believe that the alleged ground for attachment exists." *Id.* § 6.25.070(3).

Before a writ of attachment issues, a plaintiff or someone on the plaintiff's behalf must execute and file with the clerk a surety bond in an amount no less than $3,000 in the superior court or $500 in the district court, "and double the amount for which plaintiff demands judgment, or such other amount as the court shall fix" on the condition "that the plaintiff will prosecute the action without delay and will pay all costs that may be adjudged to the defendant, and all damages that the defendant may sustain by reason of the writ of attachment or of additional writs issued[.]" *Id.* § 6.25.080(1); *see also Amy v. Kennedy*, No. C13-17-RAJ, 2014 WL 793365, at *5 (W.D. Wash. Feb. 25, 2014) (noting that "this court is the functional equivalent of the state superior court, so the minimum bond would be $3,000"); *L.C. v. Gilbert*, No. C09-5586-BHS, 2010 WL 2650603, at *1 (W.D. Wash. June 30, 2010) ("The purpose of the bond is to provide a fund from which a party may seek payment in the event the writ of attachment is wrongfully, oppressively, or maliciously sued out; or in the event the writ of garnishment is wrongfully or maliciously sued out."); Wash Rev. Code § 6.25.100.

B.     **The Court Requests Supplemental Briefing**

With respect to the real property to be attached under the proposed writ, the Court requests supplemental briefing regarding whether Plaintiffs' requested relief is legally permissible. The property which Plaintiffs seek to attach as security for the satisfaction of the judgment they may recover is Defendant's former primary residence in King County, located at 1627 153rd Avenue SE, Bellevue, Washington 98007. Dkt. No. 3 at 5 ("Defendant's interest in the residence is likely the only source of satisfaction of any judgment entered herein."); *see also* Dkt. No. 3-5 at 3; Dkt. No. 3-6 at 2. As Plaintiffs note, Defendant and his ex-wife filed for marital dissolution and listed the Bellevue house as an asset to be divided. Dkt. No. 3 at 4; Dkt. No. 3-3 at 1, 3–4; Dkt. No. 3-5 at 2–3. The marital settlement agreement, executed on November 18, 2022, provides that the parties will continue to hold the property as tenants in common with the right of survivorship, but specifies that Defendant's ex-wife will retain sole use and possession of the marital home, must sell the home within eight years of the final order of dissolution, and may do so without any participation, authorization, or input from Defendant. Dkt. No. 3-3 at 4. Defendant will receive 33 percent of the net proceeds from that sale. *Id.*

Plaintiffs' motion does not adequately address the impact of their requested relief on Defendant's ex-wife. For example, the Washington State Constitution directs the legislature to "protect by law from forced sale a certain portion of the homestead[.]" Wash. Const. art. XIX, § 1. The Homestead Act, Chapter 6.13 of the Revised Code of Washington, provides that, with limited exceptions, "the homestead is exempt from attachment and from execution or forced sale for the debts of the owner up to the amount specified in RCW 6.13.030." Wash. Rev. Code § 6.13.070; *see also Amy*, 2014 WL 793365, at *2 (explaining that the Washington Supreme Court has "interpreted the term 'indebtedness' broadly to encompass tort cases, equity cases, or cases involving unliquidated claims"). Although a plaintiff who wins a judgment against an insolvent

tortfeasor may ordinarily recover from the tortfeasor's interest in indivisible real property, *see Clayton v. Wilson*, 227 P.3d 278, 281 & n.2 (Wash. 2010), it is unclear whether that is true where a non-tortfeasor has sole use, possession, and sale rights to a potential homestead. Furthermore, "the prejudgment attachment of real property without prior notice and a hearing violates the due process clause of the Fourteenth Amendment in the absence of exigent circumstances." *Van Blaricom v. Kronenberg*, 50 P.3d 266, 272 (Wash. Ct. App. 2002); *see also Connecticut v. Doehr*, 501 U.S. 1, 4 (1991); *Tri-State Dev., Ltd. v. Johnston*, 160 F.3d 528, 534 (9th Cir. 1998).[3]

Accordingly, within 21 days of this Order, the Court requests supplemental briefing of no more than 4,200 words addressing whether the proposed prejudgment writ of attachment is legally permissible.

### III.  CONCLUSION

For the foregoing reasons, the Court defers ruling on Plaintiffs' Motion for Prejudgment Writ of Attachment, Dkt. No. 3, and requests supplemental briefing. Within 21 days of this Order, Plaintiffs must submit supplemental briefing of no more than 4,200 words addressing the issues identified above. Alternatively, Plaintiffs may submit an amended motion clarifying the scope of their requested relief and addressing the issues identified above within 21 days of this Order.

Dated this 16th day of November, 2023.

Lauren King
United States District Judge

---

[3] As Plaintiffs correctly point out, courts in this district have issued prejudgment writs of attachment in two ostensibly similar cases. Dkt. No. 3 at 9 (citing *Aurora v. Sheely*, 2:16-cv-01358-RSM, Dkt. No. 12 (W.D. Wash. Nov. 18, 2016) and *Amy v. Kennedy*, 2:13-cv-00017-RAJ, Dkt. No. 15 (W.D. Wash. Feb. 12, 2013)). But neither of those cases appear to have involved property owned by tenants in common. *See Aurora*, 2:16-cv-01358-RSM, Dkt. No. 10 at 8 ("The defendant owns, in his name only, a residence and real property consisting of two nearby parcels with a single address. . . . Mr. Sheely is not married. Real estate records reveal no co-owner of the property." (citations omitted)); *Amy*, 2:13-cv-00017-RAJ, Dkt. No. 10 at 7; *Id.* Dkt. No. 11 at 9–10.